IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. BRICKER, | ) |
| | ) Civil Action No. 06 - 1704 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Arthur J. Schwab |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| PAUL J. STOWITZKY; FRED J. RUFFO;  DEBRA K. SAUERS; RHONDA OSOKO;  JAMES STILES; DONNA BONNER; EDWARD P. PAVLICK; JACQUELINE S. MARQUARDT; OFFICER HARVEY; MS. JANET KIMMELL; DEPUTY NEISWONGER;  CO. JOHN DOE; JEFFERY A. BEARD;  MR. MARTIN; WILLIAM STICKMAN; GEORGE MESAROS; and MR. COLE, *All Defendants herein, "In their individually and in their Official Capacities"*, | ) |
| | ) |
| | ) |
| | ) Doc. Nos. 6 & 27 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 26) be granted and that Plaintiff's Motion for Preliminary Injunction (doc. no. 6) be denied.

**II.     REPORT**

Plaintiff, Ronald Bricker, a state inmate confined at the State Correctional Institution at Mercer, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against various officers and employees of the Pennsylvania Department of Corrections (DOC).  Defendants have moved for dismissal of the Complaint alleging that Plaintiff failed to comply

with the Pennsylvania Department of Corrections (DOC) three-step grievance process available to Pennsylvania state prisoners. For the reasons that follow, the Motion should be granted.

## A. Standard of Review

Defendants have filed a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 26). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65. In other words, "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1955. It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d

1380, 1385 n.2 (3d Cir. 1994); <u>Chester County Intermediate Unit v.</u>
<u>Pennsylvania Blue Shield</u>, 896 F.2d 808, 812 (3d Cir. 1990); <u>DiNicola</u>
<u>v. DiPaolo</u>, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is
entitled to take judicial notice of public records); <u>Barber v. Grow</u>,
929 F. Supp. 820, 822 (E.D. Pa. 1996) (in considering a Rule
12(b)(6) motion, a court must primarily consider the allegations
contained in the complaint, although matters of public record,
orders, items appearing in the record of the case and exhibits
attached to the complaint may also be taken into account).

### B. Plaintiff's Allegations

Plaintiff asserts the following claims in his Complaint:
Correctional Officer Harvey failed to enforce prison rules
pertaining to the use of headsets while using television sets; he
was erroneously transferred to several different cells from July of
2005 through November of 2005; he did not receive a watch he ordered
and paid for through the institution's commissary; Superintendent
Stowitzky refused to send out an Interstate Agreement on Detainer;
he was erroneously required to provide a DNA sample; his legal mail
was opened outside his presence; and money was taken out of his
account for cable television when he was temporarily transferred to
another prison.

In his Motion to Amend, Plaintiff asserts that he was
transferred to another housing unit because of "false claims" by
another inmate; he was subjected to verbal abuse by corrections
officers; he was retaliated against; he was not permitted to sit at

3

a handicap table in the cafeteria; and several defendants interfered with his parole decision.

### C. Failure to Exhaust Administrative Remedies

Defendants' basis for dismissal of the complaint is Plaintiff's alleged failure to have exhausted available administrative remedies as required by the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  In this regard, in the PLRA, Congress amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e, concerning suits by prisoners.  Before the amendments, prisoners challenging the conditions of their confinement under 42 U.S.C. § 1983 were not required to exhaust administrative remedies before filing suit.  The PLRA amended section 1997e(a), as follows, making exhaustion a mandatory requirement.

(a)  Applicability of administrative remedies

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), as amended.

The United States Court of Appeals for the Third Circuit analyzed the applicability of the exhaustion requirement in 42 U.S.C. § 1997e in Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) (Bivens action brought by a federal inmate) and Booth v. Churner, 206 F.3d

289 (3d Cir. 2000) (civil rights action brought by a state
prisoner). In each of these cases, the Court of Appeals announced
a bright line rule that inmate-plaintiffs must exhaust all available
administrative remedies before they can file an action in federal
court concerning prison conditions. In so holding, the court
specifically rejected the notion that there is ever a futility
exception to section 1997e(a)'s mandatory exhaustion requirement.
Booth, 206 F.3d at 300; Nyhuis, 204 F.3d at 66. A unanimous Supreme
Court affirmed the Court of Appeals' holding in Booth v. Churner,
532 U.S. 731 (2001) where the Court confirmed that in the PLRA
Congress mandated complete exhaustion of administrative remedies,
regardless of the relief offered through those administrative
procedures. In addition, in Porter v. Nussle, 534 U.S. 516 (2002),
the Supreme Court clarified that the PLRA's exhaustion requirement
applies to all inmate suits concerning prison life, whether they
involve general circumstances or specific episodes and whether they
allege excessive force or other conduct.

The administrative grievance procedure for Pennsylvania
inmates is codified in the Pennsylvania Department of Corrections
Policy Statement No. DC-ADM 804-1, entitled "Consolidated Inmate
Grievance Review System." The purpose of the grievance system is
to insure that every inmate confined in a Bureau of Correction
facility has an avenue through which prompt resolution of any
problem which arises during the course of confinement may be sought.
DC-ADM 804 ¶ 1. The grievance system applies to all state
correctional institutions and provides three levels of review: 1)
initial review by the facility grievance coordinator; 2) appeal of

5

initial review to the superintendent or regional director; and 3) final appeal to the Secretary's Office. DC-ADM 804 ¶ VI. The administrative policy further provides that, prior to utilizing the grievance system, prisoners are required to attempt to resolve problems on an informal basis through direct contact or by sending an inmate request slip to the appropriate staff member. DC-ADM 804 ¶ V.

In the instant action, Defendants assert that the Complaint should be dismissed because Plaintiff failed to have exhausted his administrative remedies in that he failed to have completed the three-step grievance process provided for in DC-ADM 804. In this regard, Defendants assert that Plaintiff did not complete the three-step process because Secretary's Office refused ro review his grievance on the basis that he did not submit the required documentation.

In the instant action, Plaintiff wrote inmate grievance no. MER-123974-05 on July 19, 2005, complaining that inmates George, E66041 and Jackson, FC-1954, were watching television without their headsets on, which was against prison policy. On July 20, 2005, Plaintiff's Grievance was rejected because it exceeded the two-page length requirement (doc. no. 27-2, p.26). Plaintiff resubmitted his grievance on two pages on July 22, 2005 (doc. no. 27-2, p. 27). On August 3, 2005, Plaintiff received an initial response denying his grievance (doc. no. 27-2, p. 29). Plaintiff filed a timely appeal which was denied by Superintendent Stowitzky on August 9, 2005. On September 6, 2005, Plaintiff filed an appeal to the Department of Corrections' Secretary's Office of Inmate Grievances and Appeals.

On September 22, 2005, the Secretary's Office notified Plaintiff that he had not submitted copies of all of the required documentation in his initial appeal to the Secretary's Office, *i.e.*, copies of the Initial Grievance, Initial review, the Appeal to the Facility manager and the Facility Manager's decision.  The Secretary's Office notified him that he had ten working days to provide the documents needed to conduct final review (doc. no. 27-2, p. 34).  On October 7, 2005, Plaintiff sent an appeal packet to the Secretary's Office but again failed to file the required documents claiming he did not have sufficient funds for copying (doc. no. 27-2, p. 35).  On October 13, 2005, the Secretary's Office dismissed his appeal based on his failure to have provided the required documentation for final review (doc. no. 27-2, p. 36).

A.      Plaintiff Procedurally Defaulted his Claims

The Court of Appeals for the Third Circuit has held that a prisoner's failure to comply with the procedural and substantive requirements of DOC's grievance policy, as set forth in DC ADM 804, results in procedural default, thereby precluding an action in federal court.  *See* <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004). In so holding, the Court of Appeals specifically held that failing to specifically name accused individuals in a grievance amounted to procedural default because the regulations so required.[1]  The United States Supreme Court adopted a similar holding in <u>Woodford v. Ngo</u>,

---

1.  The relevant regulations provide as follows:  "The inmate shall include a statement of the facts relevant to the claim. The inmate should identify any persons who may have information that could be helpful in resolving the grievance.  The inmate should also include information on attempts to resolve the matter informally.  DC-ADM 804, Part VI.A.1.d.

___ U.S. ___, 126 S.Ct. 2378 (June 22, 2006) wherein it held that an untimely or otherwise procedurally defective administrative grievance or appeal does not satisfy the PLRA's mandatory exhaustion requirement.  <u>Woodford</u>, 126 S.Ct. at 2382.

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  This Court has described the doctrine as follows: "[A]s a general rule ··· courts should not topple over administrative decisions unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

<u>Woodford</u>, 126 S. Ct. at 2385-2386 (internal citations, quotations and footnotes omitted).

The Court further noted that "[c]onstruing § 1997e(a) to require proper exhaustion also fits with the general scheme of the PLRA, whereas respondent's interpretation would turn that provision into a largely useless appendage.  The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." <u>Woodard</u>, 126 S. Ct. at 2387.  The

Court concluded that the benefits of exhaustion could only be realized if the prison grievance system is given a fair opportunity to consider the claims, which required the grievant to comply with the procedural rules.  <u>Woodford</u>, 126 S.Ct. at 2388.

In the case at bar, Plaintiff procedurally defaulted all of his claims in two major respects.  First, by failing to perfect his appeal of Grievance No. MER-123974-05 to the DOC Secretary's Office by failing to attach the documentation required for final review.  Second, Plaintiff procedurally defaulted all of the claims not identified in Grievance No. 123974 by failing to grieve those claims within the mandatory fifteen day period.

As to the first procedural default, the Court of Appeals for the Third Circuit specifically has held that the failure to submit the required documentation for final review constitutes procedural default and results in dismissal of the Complaint.  *See* <u>Eakle v. Palakovich</u>, 200 Fed. Appx. 155, 156, 2006 WL 2917531, *1 (3d Cir. 2006).  As to the second procedural default, the Court of Appeals for the Third Circuit specifically has held that failing to specifically name relevant facts and accused individuals in a grievance amounted to procedural default because the regulations so required.[2]  *See* <u>Spruill v. Gillis</u>, 372 F.3d 218 (3d Cir. 2004).

---

2.  The relevant regulations provide as follows:  "The inmate shall include a statement of the facts relevant to the claim. The inmate should identify any persons who may have information that could be helpful in resolving the grievance.  The inmate should also include information on attempts to resolve the matter informally.  DC-ADM 804, Part VI.A.1.d.

In the absence of any controlling authority to the contrary, this Court is required to follow the directives of the Court of Appeals for the Third Circuit and dismiss the Complaint due to the Plaintiff's failure to have properly exhausted his available administrative remedies.

### D. Pending Motion for Injunctive Relief

Also pending before the Court is Plaintiff's Motion for Preliminary Injunction (doc. no. 6). A party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

Here, the Court is recommending dismissal of the Complaint based on Plaintiff's procedural default of the mandatory exhaustion requirement. Thus, he has not demonstrated any likelihood of success on the merits. Consequently, his Motion for Preliminary Relief should be denied.

**III.**      **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (doc. no. 26) be granted and that Plaintiff's Motion for Preliminary Injunction (doc. no. 6) be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Dated:      July 2, 2007                     Lisa Pupo Lenihan
                                             United States Magistrate Judge

cc:      The Honorable Arthur J. Schwab
         United States District Judge

         Ronald L. Bricker
         FQ-9611
         SRCF-Mercer
         801 Butler Pike
         Mercer, PA 16137

         Counsel of Record